UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOUIS JOHNSON,<br><br>                Plaintiff,<br><br>   v.<br><br>NELNET, Inc.<br><br>                Defendant. | Civil Action No. 23-22486 (JXN)(SDA)<br><br>**OPINION** |

**NEALS**, District Judge

Before the Court are Defendant Nelnet Servicing, LLC's[1] ("Defendant") unopposed motions to dismiss *pro se* Plaintiff Louis Johnson's ("Plaintiff") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) (ECF No. 13), and pursuant to Federal Rule of Civil Procedure 41(b) (ECF No. 25). The Court has considered the Complaint and Defendant's submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure Rule 41(b) is **GRANTED**. Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is **DENIED as moot**.

**I.   BACKGROUND**[2]

This action arises from Defendant's alleged unlawful student loan servicing practices in violation of state and federal law. Plaintiff, an attorney,[3] commenced this action by filing a Verified

---

[1] Defendant Nelnet Servicing, LLC was incorrectly pled as "Nelnet, Inc." (*See* ECF No. 13-1 at 1.)

[2] When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

[3] Plaintiff Louis Johnson is the attorney of record in this matter. (*See* Verified Complaint ("Compl."), at 12, ECF No. 1.)

Complaint against Defendant on November 28, 2023. (*See* Compl., ECF No. 1.) Plaintiff asserts violations of the New Jersey Consumer Fraud Act (the "CFA"), N.J.S.A. § 56:8- 1, *et seq*. (Count I); common law fraud (Count II); violation of N.J.S.A. C.17:16ZZ-8, *et seq*. ("Servicing Rules") (Count III); and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. (Count IV). (Compl. at 4-10, ECF No. 1). Along with his Verified Complaint, Plaintiff filed an application to proceed *in forma pauperis* ("IFP") (ECF No. 1-1), which the Court denied without prejudice on February 28, 2024. (ECF No. 2.) Plaintiff thereafter paid the filing fee on June 21, 2024, and the Clerk issued a summons to Defendant the same day. (ECF No. 3.)

On July 30, 2024, Defendant filed a request for a pre-motion conference in anticipation of filing a motion to dismiss. (ECF No. 8.) Because Plaintiff failed to address Defendant's letter within seven (7) days as required by this Court's Individual Rules and Procedures, on February 10, 2025, the Court ordered Plaintiff to show cause within three (3) business days regarding why Plaintiff failed to respond and why Defendant's motion to dismiss should not be granted. (ECF No. 10.) The Court further warned that if Plaintiff failed to respond, the Court would waive the pre-motion conference and allow Defendant to file their proposed motion. (*Id.*) Despite the Court's Order, Plaintiff did not file a response until nine (9) days later, on February 19, 2025, stating that he had not had access to his email account and asserting that Defendant had "full knowledge of its approximate $12,000 accounting error." (ECF No. 12.)

On March 13, 2025, Defendant filed a motion to dismiss for failure to state a claim pursuant to Rule[4] 12(b)(6), failure to plead fraud with particularity in accordance with Rule 9(b), or alternatively, for a more definitive statement pursuant to Rule 12(e). (ECF No. 13.) Plaintiff did not file an opposition.

---

[4] "Rule" or "Rules" hereinafter refers to the Federal Rules of Civil Procedure.

Magistrate Judge Stacey D. Adams ("Judge Adams") issued a Letter Order for a May 29, 2025 initial scheduling conference pursuant to Local Civil Rule 16.1,[5] directing the parties to meet and confer pursuant to Federal Rule of Civil Procedure 26(f) and submit a joint discovery plan prior to the conference. (ECF No. 14.) On May 13, 2025, Defendant advised the Court that Plaintiff had been unresponsive to Defendant's multiple efforts to meet and confer and to prepare a joint discovery plan. (ECF No. 17.) On June 9, 2025, Defendant advised the Court of Plaintiff's failure to respond to their attempts to communicate and coordinate until May 19, 2025—four days after the Rule 26(f) deadline (ECF No. 23.) The parties subsequently agreed to a May 21, 2025 telephonic meet-and-confer. Plaintiff failed to appear and, subsequently, did not provide input on the discovery plan that Defendant submitted. (ECF No. 20.) Plaintiff failed to appear at the May 29, 2025 scheduling conference. (ECF No. 23.) The Court was able to reach Plaintiff by telephone twenty-five (25) minutes into the conference. (*Id.*) Thereafter, the Court entered a Pretrial Scheduling Order requiring Plaintiff to serve initial disclosures on or before June 6, 2025. (ECF No. 22.) Following Plaintiff's noncompliance, on June 8, 2025, Defendant advised Plaintiff via email that, if his initial disclosures were not received by the close of business on June 9, 2025, Defendant would seek leave to file a motion pursuant to Rule 41(b). (ECF No. 23-2.) Plaintiff again failed to comply.

On June 12, 2025, Defendant filed the instant motion to dismiss for lack of prosecution pursuant to Rule 41(b). (ECF No. 25.) Plaintiff did not oppose the motion. Defendant's motions are now ripe for adjudication.

---

[5] The initial conference was initially scheduled for May 16, 2025, but was later rescheduled by Judge Adams to May 29, 2025, due to a scheduling conflict. (*See* ECF No. 16.)

## II.  LEGAL STANDARD[6]

### A. Rule 41(b) – Failure to Prosecute

Under Fed. R. Civ. P. 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The Third Circuit has set forth certain factors a district court must consider in determining whether to dismiss an action pursuant to Rule 41(b). *See Poulis v. State Farm Fire & Casualty Co.*, 147 F.2d 863 (3d Cir. 1984). These factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis,* 747 F.2d at 868. No single factor is dispositive, and dismissal may be appropriate even if some of the factors are not met. *See Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019).

## III.  DISCUSSION

The Court notes that "when a litigant's conduct makes adjudication of the case impossible, [a] balancing under *Poulis* is unnecessary." *McLaren v. N.J. Dept. of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012); *see also Spam v. Gallegos*, 26 F.3d 439, 455 (3d Cir. 1994). Here, Plaintiff[7] has ignored multiple directives from the Court to prosecute their action. (*See* ECF Nos. 10, 18, 31.) As a result, this case has languished for several months without any activity from Plaintiff, resulting

---

[6] Because this Court does not reach the merits of the motion to dismiss for failure to state a claim and the heightened pleading requirements, the Rule 12(b)(6) and Rule 9(b) standards are omitted.

[7] The Court notes that Plaintiff is an attorney and "*pro se* attorneys typically cannot claim the special consideration which the courts customarily grant to *pro se* parties." *Wein v. Thompson, Inc.*, No. 04-2199, 2006 WL 2465220, at *2 (D.N.J. Aug. 23, 2006) (quoting *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 82 n. 4 (2d Cir. 2001), *abrogated in part on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009)).

inDefendant's two unopposed motions to dismiss Plaintiff's Complaint (ECF Nos. 13, 25). Plaintiff's failure to prosecute this action has made adjudication of this case impossible and, on this basis alone, warrants dismissal of the action.

Moreover, the Court finds that the *Poulis* factors support dismissal of Plaintiff's Complaint due to Plaintiff's failure to comply with the Court's Orders and directives and his failure to prosecute this case.

### A. Plaintiff's Personal Responsibility

The first *Poulis* factor calls for the Court to determine whether the Plaintiff was personally responsible for his noncompliance with the Court's pretrial orders. A *pro se* plaintiff is responsible for his failure to comply with a court's orders and is solely responsible for the progress of their case. *Briscoe v. Klaus*, 538 F.3d 252, 258-9 (3d Cir. 2008); *see Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002). Here, as noted above, Defendant filed a pre-motion conference request in anticipation of filing a motion to dismiss Plaintiff's Complaint. (ECF No. 8.) Six months later, Plaintiff had still failed to respond as required, prompting the Court to require Plaintiff to show cause for the failure within three (3) business days (the "OTSC"). (ECF No. 10.) Nine days thereafter, Plaintiff filed a deficient letter in response, attributing his failures to his inability to access his email. (*See* ECF No. 12.) Thereafter, Defendant filed its first motion to dismiss. (*See* ECF No. 13.) To date, Plaintiff has not filed an opposition to the motion. Further, in addition to noncompliance with Court orders, Plaintiff has failed to participate in discovery. Plaintiff has been unresponsive to defense counsel's requests to meet and confer pursuant to Rule 26(f); failed to provide any input on a proposed joint discovery plan; failed to appear at scheduled telephone conferences; or to provide initial disclosures on a timely basis. (*See* ECF Nos. 17, 18, 23, 24.) As a result, Defendant was granted leave and filed a motion to dismiss for failure to prosecute. (ECF

No. 24.) Plaintiff bears personal responsibility for the lack of meaningful participation in this litigation through his failure to communicate with the Court and counsel for Defendant, or to appear before this Court. Plaintiff has effectively abandoned his case. Accordingly, the first *Poulis* factor weighs in favor of dismissal.

### B. Prejudice to Defendant

The Court also finds that the prejudice to Defendant—the second *Poulis* factor—weighs in favor of dismissal. Prejudice in this context does not mean irreparable harm, but rather the burden imposed by impeding a party's ability to effectively prepare a full and complete trial strategy. *Ware v. Rodale Press, Inc.* 322 F.3d 218, 222 (3d Cir. 2003). "Only [t]he [plaintiff] can take steps to prosecute the case[], and when the plaintiff does not do so, the defendant is left in limbo with the uncertainty, costs, and stress that entails," *Russo v. Gov't Emp. Ins. Co.*, 345 F.R.D. 65, 78 (D.N.J. 2023). As previously noted, Plaintiff has overtly disregarded Court orders. (*See* ECF Nos. 10, 18.) Defendant has had to expend time and resources to seek interventions by the Court and, ultimately, the dismissal of Plaintiff's Complaint, the adjudication of which has been repeatedly delayed due to Plaintiff's failure to comply with Court orders and procedures. Courts in this district have found that prejudice is established where, as here, "Defendant[] ha[s]...been deprived of anything resembling a speedy resolution of this matter." *Clauso v. Martinelli*, No. 18-12217, 2024 WL 5202360, at *4 (D.N.J. Dec. 23, 2024). Therefore, the Court finds that the second *Poulis* factor weighs in favor of dismissal.

### C. A History of Dilatoriness

The third *Poulis* factor, history of dilatoriness, requires "extensive or repeated delay or delinquency[, which] constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams v. Trustees of the*

*N.J. Brewery Emps.' Pension Trust Fund,* 29 F.3d 863, 874 (3d Cir. 1994). By contrast, "conduct that occurs one or two times is insufficient to demonstrate a history of dilatoriness." *Briscoe,* 538 F.3d at 261. This Court has made numerous attempts to permit the Plaintiff to prosecute his claims: issuing Orders to Show Cause directing him to provide an explanation for his failure to respond to Defendant's pre-trial motion; scheduling the May 29, 2025 Rule 26(f); contacting him via telephone when he failed to appear at a scheduled conference; and issuing a Pre-Trial Scheduling Order that required Plaintiff to serve his initial disclosures on or before June 6, 2025, which he failed to abide by. The Court makes clear that "[t]ime limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation…A history ... of ignoring these time limits is intolerable." *Poulis,*747 F.2d at 868. Therefore, because Plaintiff's dilatory conduct spans the entirety of this case, the Court finds that the third *Poulis* factor also weighs in favor of dismissal.

### D.  Willfulness or Bad Faith

Under the fourth factor, the Court must consider whether the conduct was "the type of willful or contumacious behavior which was characterized as 'flagrant bad faith.'" *Adams*, 29 F.3d at 875. Considering the fourth prong, Plaintiff's history of bad faith is evidenced by his willful failure to answer any discovery, to oppose Defendant's motions to dismiss, or to comply with Court Orders clearly warning him of the risk of dismissal. *Sebrell ex rel. Sebrell v. Phila. Police Dept.,* 159 Fed. Appx. 371, 374 (3d Cir. 2005) (finding Plaintiff's conduct "willful" in her refusal to comply with court orders requiring her to complete certain forms or risk dismissal); *DeVito*, 2006 WL 756014, *3 ("[B]latant disregard of clear court orders constitutes bad faith for the purposes of the *Poulis* factors.").

The absence of a reasonable excuse suggests that Plaintiff's conduct was willful or done in bad faith. *Days Inn Worldwide, Inc. v. Shaikh*, 249 F.R.D. 472, 476 (D.N.J. 2008). In fact, Plaintiff's failure to comply with Court orders and to respond to the Defendant's motions to dismiss, when viewed together, demonstrates Plaintiff's willful abandonment of the litigation. *See Spain v. Gallegos*, 26 F.3d 439, 455 (3d Cir. 1994) (dismissal of complaint appropriate when plaintiff willfully abandoned the case). Plaintiff has made no effort to comply with his obligations to prosecute his claims, despite being warned of the consequences of noncompliance. Accordingly, the Court finds Plaintiff's conduct to be willful, and the fourth *Poulis* factor weighs in favor of dismissing Plaintiff's case.

### E. The Effectiveness of Alternative Sanctions

Having found the Plaintiff's actions were willful, the fifth *Poulis* factor requires the Court to assess the availability of alternative sanctions short of dismissal, in recognition of the fact that "[d]ismissal must be a sanction of last, not first, resort." *Poulis*, 747 F.2d at 869. Furthermore, the Third Circuit has often stated that "dismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court." *Poulis*, 747 F.2d at 868. Plaintiff's history of non-responsiveness shows that alternative sanctions would be futile. *See Briscoe*, 538 F.3d at 262 ("[w]hen a Plaintiff fails to prosecute his action, outside of dismissal of the action, the Court cannot envision a sanction that would be appropriate."). Here, Plaintiff's conduct strongly suggests that Plaintiff has abandoned his claims. *See Guyer v. Beard*, 907 F.2d 1424, 1429-30 (3d Cir. 1990) (affirming sanction of dismissal and finding that failure to comply with court orders and communicate with court tantamount to abandonment of claim). As such, any further court proceedings cannot proceed. *See, e.g., Sebrell*, 159 Fed. Appx. at 374 (affirming dismissal for failure to prosecute, stating that, "[i]n light of [Plaintiff's] persistent refusal to cooperate so that

her case could move forward, we see no alternative path that the District Court could have taken."). Accordingly, this fifth *Poulis* factor weighs in favor of dismissal.

### F. Meritoriousness of the Claim

Finally, in situations where the overwhelming balance of the first five *Poulis* factors weigh in favor of dismissal, the Court declines to address the merits of Plaintiff's case. *McNamara v. Buehler*, No. 16-841, 2018 WL 9880301, at *3 (D.N.J. Nov. 16, 2018), *report and recommendation adopted*, No. 16-841, 2019 WL 5448684 (D.N.J. Oct. 24, 2019) (citing *Macon v. City of Asbury Park*, No. 07-1413MLC, 2008 WL 1882899, at *2 (D.N.J. Apr. 24, 2008). As mentioned above, "[e]ach factor need not be satisfied for the trial court to dismiss a claim." *Ware*, 322 F.3d at 221 (citing *Hicks v. Feeney,* 850 F.2d 152, 156 (3d Cir. 1988)).  In sum, Plaintiff's failure to respond to motions or court orders, as well as his failure to contact the Court or Defendant, prejudices the defendant. Moreover, Plaintiff exhibited a pattern of dilatory conduct and willful failure to meet his obligations as a plaintiff in a civil action, and is responsible for his aforementioned noncompliance. *See Marcus v. Speziale*, No. 03-3276, 2006 WL 1933470, at *2 (D.N.J. July 11, 2006). Dismissal is therefore warranted.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendant's motion to dismiss (ECF No. 25) pursuant to Rule 41(b) is **GRANTED**. Plaintiff's Complaint is **DISMISSED** *without prejudice* at this time. Plaintiff's failure to seek reinstatement of the Complaint within thirty (30) days will result in dismissal with prejudice. Defendant's motion to dismiss pursuant to Rules 12(b)(6) and 9(b) is **DENIED as moot**. An appropriate Order accompanies this Opinion.

**DATED:** December 22, 2025

HONORABLE JULIEN XAVIER NEALS
United States District Judge